IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JOSHUA BRESSEL, ) | |
| ) | |
| Plaintiff, ) | Case No. 7:20cv00611 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| RED ROBIN INTERNATIONAL, INC, ) | By:   Hon. Thomas T. Cullen |
| ) | United States District Judge |
| Defendant. ) | |

During discovery in this slip-and-fall case, Plaintiff Joshua Bressel inadvertently failed to respond to several of Defendant Red Robin International, Inc.'s ("Red Robin") requests for admission. As a result, Plaintiff was deemed to have admitted the matters contained in the requests for admission. *See* Fed. R. Civ. P. 36(a)(3). The admissions included, among other things, an admission that there was a warning sign over the area where Plaintiff slipped, and that he saw the warning sign. Red Robin subsequently moved for summary judgment based on these admissions on the basis that Plaintiff's admissions established due care by Defendant. When Plaintiff realized his error, he moved for leave to file late answers to the Requests for Admission, to continue trial, to reopen discovery and, alternatively, to voluntarily dismiss this action. After hearing argument, the court granted Plaintiff's motion to file late answers, but ordered that Plaintiff pay Rod Robin's attorneys' fees associated with the now-defunct summary judgment motion and the motion to file late answers.

To calculate an appropriate attorneys' fee award, the court first calculates the "lodestar figure" by "multiplying the number of reasonable hours expended times a reasonable rate." *McAfee v. Boczar*, 738 F.3d 81, 88 (4th Cir. 2013). "[T]he court must then subtract fees for time

spent on any unsuccessful claims related to successful claims." *Hudson v. Pittsylvania Cnty., Va.*, Case No. 4:11cv00043, 2015 WL 5690854, at *3 (W.D. Va. Sept. 28, 2015) (citing *McAfee*, 738 F.3d at 88). "Finally, the court awards a percentage of the remaining amount based on the prevailing party's 'degree of success' on their claims." *Id.* (citing *McAfee*, 738 F.3d at 88).

In calculating the lodestar figure and in making any subsequent adjustment, the court considers (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorneys' opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorneys' expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; and (11) attorneys' fees awards in similar cases. *See Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). Some of these factors are considered when setting the lodestar amount, while others apply when adjusting it. *See McAfee*, 738 F.3d at 90.

In response to the court's order, Red Robin's counsel produced their records for the time spent briefing summary judgment and responding to Plaintiff's motion to Continue and for Leave to File Late Responses. Counsels' records indicate that four attorneys worked on the relevant motions—Richard Murray, Thomas Leemon, Anglei Gohel, Victor Skaff—as well as a paralegal, Robyn Mills. The records show that Mr. Murray, a shareholder of Polsinelli PC, billed 28.8 hours for the motions; Mr. Leemon and Ms. Gohel, staff attorneys at that firm, billed a combined 19.2 hours; Ms. Mills, a Polsinelli paralegal, billed .1 hours; and Victor Skaff,

a partner at Glenn Robinson Cathey Memmer & Skaff, billed 3.1 hours. Mr. Murray's hourly rate is $495, Mr. Leemon and Ms. Gohel's rate is $245, Ms. Mills's rate is $225, and Mr. Skaff's rate is $200. Collectively, counsels' records indicate that they billed $19,602.50 for 51.2 hours of work on the relevant motions. Red Robin requests that the court award the full amount in fees.

Plaintiff contests Red Robin's calculations in all respects. By Plaintiff's reckoning, only 33.9 hours of the 48.1 in Red Robin's counsels' billing records are actually relevant to the motions for which the court ordered fees. Moreover, Plaintiff contends that a reasonable hourly rate for insurance defense in the Roanoke Valley is $150, far lower than the rates charged by defense counsel. These calculations result in a lodestar figure of $5,193, which Plaintiff argues should be discounted because the matter is simple and there is little at stake. Therefore, Plaintiff proposes a total award of $4,000.

The court agrees in part with Plaintiff's arguments. As an initial matter, several of the time entries in the billing records relate to mediation before Magistrate Judge Ballou, not summary judgment briefing or the motion to continue. The court believes a reasonable hour figure excludes those hours, which total 1.7 hours of Mr. Murray's time. Thus, the court believes that a reasonable number of hours expended on this matter is 49.5 hours. As for a reasonable rate, the court finds that defense counsel's rate is too high to be reasonable in this matter. As Red Robin notes in their reply brief, the prevailing hourly rates in the Western District of Virginia for complex civil matters are roughly $350 for partners and $225 for associates for large civil cases. *See Lee Supinger v. Virginia*, No. 6:15-cv-00017, 2019 WL 1461071, *2 n.2 (W.D. Va. Apr. 2, 2019); *Pinnacle Bank v. Bluestone Energy Sales Corp.*,

7:17CY00395, 2018 V/L 6440887, *4 (W.D. Va. Dec. 7, 2018); *ZEN42 LLC v. Washington & Lee Univ.*,6:17-cv-00053, 2018 WL 4625627, *1 (Sept. 26, 2018); *Brown v. Mountainview Cutters, LLC,* 222 F. Supp.3d 504, 513 (W.D. Va. Nov. 28, 2016); *Sky Cable, LLC v. Coley*, Civil Action 5:1 1-cv-48, (W.D. Va. Aug. 15 2014); *Scott v. Clarke*, No. 3:12-CV-00036, 2014WL 1463755, at *6 (W.D. Va Apr. 15, 2014); *Naill v. Lincoln Mort., IZC*, No. 3:09CV00039, 2010 WL 2292133, *3 (W.D. Va. June 7, 2010). Of note, however, is that this rate has been applied in matters substantially more complicated than the one before the court. This case is a straightforward slip-and-fall, not a civil rights matter or complex commercial dispute. The court's experience with simple insurance defense matters such as this confirms that a lower hourly rate is reasonable in this case. Therefore, the court determines that a reasonable hourly rate for this case is $250 for Mr. Murray's time, $200 for Mr. Leemon and Ms. Gohel's time, $150 for Ms. Mills's time, and $200 for Mr. Skaff's time.

Performing the calculations with these rates and the reasonable-hour figure above yields a lodestar figure of $10,980. The court must still consider the remaining *Johnson* factors, however, such as the simplicity of the questions presented and the amount in controversy. Putting aside the fact that the case is a slip-and-fall (as noted above), the thrust of Red Robin's summary judgment motion was that Plaintiff admitted his case away on a discovery technicality. That Red Robin did not have to litigate the merits of their case warrants some discount given that most of the billed time relates to the summary judgment motion. Additionally, the total amount in controversy in this case is approximately $150,000, the amount Plaintiff valued his own case at in the *ad damnum* in his Complaint. An award of $10,980 would therefore approach 10% of the maximum amount sought by Plaintiff. For these

- 5 -

reasons, the court will discount the lodestar amount by 30%, resulting in a final award of $7,700.

The clerk is directed to forward a copy of this opinion to all counsel of record.

**ENTERED** this 29th day of July, 2021.

*/s/ Thomas T. Cullen*
HON. THOMAS T. CULLEN
UNITED STATES DISTRICT JUDGE
